```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
DAN GROPPER,                            :    13 Civ. 2820 (DLC)
                                        :
                Plaintiff,              :    MEMORANDUM
        -v-                             :    OPINION & ORDER
                                        :
FINE ARTS HOUSING, INC. and NOBU        :
ASSOCIATES, L.P. d/b/a NOBU,            :
                                        :
                Defendants.             :
                                        :
----------------------------------------X
```

APPEARANCES

For the Plaintiffs:

Glen H. Parker and Adam S. Hanski
Parker Hanski LLC
40 Worth Street, 10th Floor
New York, NY 10013


For the Defendants:

Loren L. Forrest, Jr. and Howard Sokol
Holland & Knight LLP
31 West 52nd Street
New York, NY 10019


DENISE COTE, District Judge:

     This action is brought, principally and for federal law purposes, under the Americans with Disabilities Act ("ADA").  42 U.S.C. § 12181.  On April 3, 2014, the defendants' motion to dismiss was denied in large part.  Gropper v. Fine Arts Housing, Inc., 13 Civ. 2820 (DLC), 2014 WL 1327964 (S.D.N.Y. Apr. 3, 2014)

1

("April 3 Opinion").  In bringing their motion, the defendants had relied principally on the existence of a Voluntary Compliance Agreement ("VCA"), which one of the defendants had entered in the early Fall of 2013 with the United States Department of Justice to address issues of compliance with the ADA.  The VCA expires in September 2016.

After denying the motion to dismiss, the Court invited the parties to address whether this action should be stayed during the term of the VCA.  Having reviewed the parties' submissions in response to that invitation, this action is stayed.

DISCUSSION

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  Louis Vuitton noted a number of multi-factor tests courts apply in deciding whether to grant a stay, the most relevant of which for present purposes is as follows:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil

2

litigation; and (5) the public interest.
Id. at 99 n.13 (citation omitted).  The Circuit cautioned, however, that these tests should not "replac[e] the district court's studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court."  Id. at 99.  "The district court's decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case."  Id. at 99 (citation omitted).

In letters of April 18 and May 2, the defendants request a stay of this litigation during the term of the VCA.  In a letter of April 25, the plaintiff withdraws all claims for relief relating to "the accessibility being performed pursuant to the VCA," and opposes a stay of the remainder of the litigation.

A stay of this litigation during the term of the VCA is appropriate.  As described in the April 3 Opinion, the VCA requires the defendants to make a number of changes to the Nobu Restaurant, which is located on Hudson Street in Manhattan, in order to make it more accessible to disabled individuals, and to make periodic reports regarding its progress in doing so.  Since the restaurant is located in an historic district, certain modifications to the premises require prior approval from New York City agencies.  Accordingly, it will take some time to

3

determine whether the defendants have satisfactorily complied with the requirements of the VCA, and to learn the final configuration of the restaurant's premises.  Continuing the litigation in these circumstances would require the parties to expend substantial resources at a time when they have every reason to expect that the premises will be undergoing changes that are material to the issues raised in this litigation. Moreover, it may lead to inefficiencies in litigation that would cause an unnecessary drain on this Court's resources.  Because all parties would benefit from a stay, as would the courts, the first four factors set forth in Louis Vuitton all militate towards granting a stay.

There is as well a public interest in the issuance of a stay.  Private parties should be encouraged to comply voluntarily with the ADA, and to cooperate with the Government in its efforts to enforce the statute.  Subjecting private parties to largely duplicative litigation while they are engaged in an ongoing effort to comply with the law discourages voluntary compliance. Thus, all five factors set forth in Louis Vuitton militate towards granting a stay.

In opposing the stay, the plaintiff does not address the legal standard for a stay.  Instead, he withdraws all claims encompassed by the VCA, and argues that the litigation should proceed as to three other issues.

4

The plaintiff complains first that the sushi bar at the restaurant does not comply with the law, and was not encompassed by the VCA.  Since the complaint does not identify any specific problem with the restaurant's sushi bar, this is not a reason to continue the litigation.

Second, the plaintiff suggests that the litigation should proceed to address issues concerning the restaurant's waiting area.  The VCA addresses the waiting area, however, discussing changes to the "Host station" in Paragraph 12.  As a consequence, the plaintiff has withdrawn that portion of his complaint.

Finally, the plaintiff complains that the defendants' compliance with the VCA will leave one of his principal complaints unaddressed.  Even if the defendants fulfill all of their obligations under the VCA, the plaintiff will still not be able to use the front entrance and front entrance doorway to the restaurant.  The VCA provides for the creation of an accessible secondary entrance.

But, any determination regarding the adequacy of access to the restaurant must be made in the context of the final configuration of the entrances.  Defendants note that, if the plaintiff renews his objection after the VCA is terminated, they will raise issues of architectural feasibility and the burden that additional alterations would impose on the defendants.  <u>See, e.g.</u>, 28 C.F.R. § 36.304(d)(3) (discussing the possibility that

5

certain alterations necessary for ADA compliance may not be "readily achievable" and outlining alternate obligations, such as providing a ramp). Accordingly, it would be wasteful to attempt to litigate these issues now. Once the VCA has been terminated, the parties will have an opportunity to litigate the restaurant's compliance with the law. In the specific circumstances of this case, a stay is warranted and would not work a hardship, inequity, or injustice to a party, the public or the court.

CONCLUSION

This litigation is stayed pending the expiration of the VCA. The plaintiff shall provide a status report to the Court by **September 15, 2016.**

SO ORDERED:

Dated:   New York, New York
         May 14, 2014

*[signature]*
DENISE COTE
United States District Judge